UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN F. BARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05 CV 1173 JCH |
| ) | |
| MISSOURI DEPT. OF CORRECTIONS, ) | |
| LARRY CRAWFORD, and ) | |
| DENNIS MAYBERRY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Motion to Dismiss. (Doc. No. 10). The case arises out of Plaintiff's employment with Defendant Missouri Department of Corrections. Defendant Mayberry was his shift supervisor, and Defendant Crawford was head of the Department of Corrections.[1] Barker brings his pro se complaint under Title VII of the Civil Rights Act of 1964, alleging retaliation and discrimination based on race, as well as third degree assault. (Complaint, Doc. No. 1). Defendants urge the Court to dismiss the claim for three reasons: res judicata, failure to allege sufficient facts, and that individuals are not liable under Title VII. For the reasons discussed below, the Court grants in part and denies in part Defendant's Motion to Dismiss.

---

[1] Barker refers to Crawford as the CEO of the Department of Corrections. There is no other mention in the record of his job title.

1

I.   **Background**

Barker works for the Department of Corrections as a corrections officer. (Complaint, Doc. No. 1, attached exh. 1 "EEOC Charge"). In his EEOC Charge he lists several incidents in which he believes that he was retaliated against for filing a charge of discrimination. He filed his final amended charge of discrimination with the EEOC on May 31, 2005, and received his right to sue letter on July 19, 2005. (EEOC Charge, at 1, 10). He filed his Complaint in the instant case on July 27, 2005. (Doc. No. 1). In the Complaint, he alleges disparate treatment and an assault upon him by Defendant Mayberry, but he does not mention retaliation. He does not allege any specific actions by Defendant Crawford.

Defendants bring their motion to dismiss on three grounds: (1) that Barker's claims are barred by res judicata, (2) that individuals are not liable under Title VII, and (3) that Barker does not allege sufficient facts to plead retaliation. (Memorandum in Support, Doc. No. 11). For the reasons discussed below, the Court grants in part and denies in part Defendants' motion to dismiss.

II.  **Discussion**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the

complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982).

Defendants assert that Barker's entire Complaint should be dismissed.

**A.    Individual Liability under Title VII**

Defendants Dennis Mayberry and Larry Crawford[2] argue that they are not liable under Title VII, and thus, they must be dismissed as defendants in this case. Plaintiff concurs, and dismisses both individual defendants. The only remaining defendant is the Missouri Department of Corrections.

**B.    Res Judicata**

Defendants assert that Barker's claims are barred by res judicata, because he has raised these claims previously in a different case. On September, 20, 2004, Barker filed a complaint against Defendant Mayberry as well as four other individuals, alleging nearly the exact facts as in this case. (Complaint, 4:04 CV 1279 ("Limbaugh Case"), Doc. No. 1). The Honorable Judge Limbaugh dismissed it, stating that individuals cannot be liable under Title VII. (Limbaugh Case, Doc. No. 30, at 2). Less than three months later, and while his appeal of Judge Limbaugh's decision was still pending before the Eighth Circuit, Barker filed his Complaint in the instant case.[3] Defendant

---

[2] Both Plaintiff and Defendants refer in their briefs to Gary Kempker and not to Larry Crawford as the second individual defendant. The Court will read the briefs as if they name the correct defendant.

[3] After filing the Complaint in the instant case, Barker filed a third complaint, based on the same facts. That case was assigned to the Honorable Judge Autrey, also in this court. That case has been dismissed without prejudice. (4:05CV694 ("Autrey Case"), Doc. No. 11).
 While the Autrey Case does not act as res judicata in the instant case, see Fed. R. Civ. P. 41(b), when considered with the other two cases, it raises questions about Plaintiff's tactics. In every

3

Mayberry is the only defendant who is named in both actions, Defendants Missouri Department of Corrections and Crawford were not named in the Limbaugh case.

The doctrine of res judicata prohibits a plaintiff from bringing successive suits that involve the same cause of action. <u>Ripplin Shoals Land Company, LLC v. Army Corps of Engineers</u>, --- F.3d ----, 2006 WL 668221 (8th Cir. 2006). This Court examines "three elements to determine whether res judicata will bar a party from asserting a claim: 1) whether the prior judgment was entered by a court of competent jurisdiction; 2) whether the prior decision was a final judgment on the merits; and 3) whether the same cause of action and the same parties or their privies were involved in both cases." <u>Lundquist v. Rice Memorial Hosp.</u>, 238 F.3d 975, 977 (8th Cir. 2001).

Defendant Missouri Department of Corrections argues that the case is barred by res judicata because of the earlier case before Judge Limbaugh. Barker, however, correctly points out that the parties in the two cases are neither identical nor are they privies. The only defendant in the case before Judge Limbaugh was Dennis Mayberry. The only remaining defendant in the instant case is the Missouri Department of Corrections. "A person is in privity with another person if he has 'a close relationship, bordering on near identity.'" <u>United States v. Gurley</u>, 43 F.3d 1188, 1197 (8th Cir. 1994) (quoting <u>Headley v. Bacon</u>, 828 F.2d 1272, 1276-79 (8th Cir.1987)). Defendant does not argue that Mayberry, a shift supervisor, is in privity with the Missouri Department of Corrections. As the two cases did not involve the same parties or their privies, the instant case is not barred by res

---

case filed in this district, the plaintiff (or removing party) must file an "Original Filing Form, which states in part "Neither this cause, nor a substantially equivalent complaint, previously has been filed in this Court and therefore may be opened as an original proceeding." <u>See</u> Local Rule 3-2.02(b). In all three of the cases in question, Plaintiff signed the form after checking the above statement. It is clear to the Court that in the instant case and the case before Judge Autrey, this was not accurate.

Plaintiff was proceeding pro se at the time of all three filings, but has now retained counsel. The Court trusts that Plaintiff's counsel will not make any similar errors.

4

judicata.

**C.     Facts to Support Retaliation**

Defendant also asserts that Barker's claim for retaliation should be dismissed for failure to allege sufficient facts. Defendant is correct that Barker alleges nothing about retaliation in his Complaint. Barker does however, allege facts regarding retaliation in his EEOC charge, which the Court may consider. "The court may consider, in addition to the pleadings, materials 'embraced by the pleadings' and materials that are part of the public record." In re K-tel Intern., Inc. Securities Litigation, 300 F.3d 881, 889 (8th Cir. 2002). Barker's EEOC charge is an example of a material "embraced by the pleadings." Defendant's motion to dismiss the retaliation claim is denied.

The Court also notes that Barker filed his Complaint pro se, but that he has now retained counsel who requests leave to file an amended complaint. The Court grants the request for leave to file an amended complaint. Fed. R. Civ. P. 15(a) ("leave [to amend] shall be freely given when justice so requires").

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 10), is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendants Dennis Mayberry and Larry Crawford are dismissed as defendants in this case.

**IT IS FURTHER ORDERED** that Plaintiff is given until **Friday, April 7, 2006** to file an amended complaint.

Dated this 22nd day of March, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE